UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CODY T. COLASANTI,

    Plaintiff,

v.                        Case No. 3:22cv6954-MCR-HTC

ESCAMBIA COUNTY CORRECTIONAL FACILITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cody T. Colasanti, proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF Doc. 1, and a motion to proceed *in forma pauperis*, ECF Doc. 2. The Court granted the motion and ordered Plaintiff to pay $11.10 as an initial partial filing fee. ECF Doc. 4. Despite giving Plaintiff two opportunities to pay the fee, Plaintiff has failed to do so. ECF Docs. 4, 5. Plaintiff also failed to file a notice of change of address as directed, *see id*, after he was released from Escambia County Jail. Thus, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute, failure

to comply with an order of the Court, and failure to keep the Court apprised of his address.

On July 11, 2022, this Court's show cause order was returned undeliverable because Plaintiff had been released from the Jail.[1] Plaintiff, however, has failed to alert the Court to his change of address, which he was repeatedly instructed to do, ECF Docs, 4, 5. A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an

---

[1] As a matter of courtesy, the clerk resent the Order to the "address given" by Plaintiff as provided on the Escambia County Jail's website.

Case No. 3:22cv6954-MCR-HTC

abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his address.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of August, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.